DEARING *vs.* SHEPHERD *et al.*, commissioners.

Where a judgment was obtained against a county for injuries to a horse, caused by a defective bridge, which the county was chargeable with the duty of maintaining and keeping in repair, the county commissioners could be compelled by *mandamus* to pay it. The power conferred on such commissioners by the constitution, and the act of the legislature in pursuance thereof, to levy a tax to build and repair bridges, confers also power to raise money by taxation to pay a judgment arising from the injuries caused by the neglect to make such repairs.

(a) The difference of opinion among the members of this court, stated in 74 *Ga.* 358, as to the enforcement of such a judgment, does not now exist.

December 21, 1886.

County Matters. Constitutional Law. Tax. Before Judge BOYNTON. Newton Superior Court. March Term, 1886.

Reported in the decision.

SIMMS & SIMMS, for plaintiff in error.

MIDDLEBROOKS & EDWARDS, for defendants.

HALL, Justice.

Dearing obtained against the county of Newton a penal judgment in a justice's court, for injuries done a horse by

reason of a defective bridge, which, it seems, the county was chargeable with the duty of maintaining and keeping in repair. He demanded payment of his judgment from the county commissioners, and upon their refusal to comply with the demand, petitioned the superior court for a *mandamus*, and obtained an order *nisi* calling upon them to show cause, if any they had, why the *mandamus* should not be made absolute. In response to the order *nisi*, the only cause shown by the commissioners was, that the county had no funds in hand to meet the demand other than such as were raised from taxation, and that under the constitution of 1877, art. VII, sec. VI, par. II (code, §5190), the general assembly had no power to delegate to any county the right to levy a tax to pay a judgment rendered against the county for damages, and that in the absence of such a power, they had no means of raising money to pay the relator's demand; and the court, being of that opinion, refused to make the *mandamus* absolute and dismissed the petition for the same at the relator's cost. The exceptions taken to this judgment make the questions for our decision.

That facts may exist which would render the county liable for damages resulting from badly constructed public bridges or failure to keep them in proper repair, has been several times decided by this court, not, however, without some diversity of opinion among the judges. See the *County of Gwinnett vs. Dunn*, 74 *Ga.* 358 and 359, in which a majority of the judges, upon a review of the preceding cases, all of them, except perhaps *Moreland vs. Troup County*, 70 *Ga.* 714, were of opinion that counties were liable for damages resulting from defective public bridges whenever the proper authorities neglected the duties enjoined by law of building such bridges or keeping them in repair, and they were not prepared to hold that there was anything in the constitution and laws which would prevent the enforcement of a judgment obtained on account of an injury resulting from such failure of duty.

From this view of the matter, our brother Blandford dissented, but now yields that dissent, and is in full accord with us, at least so far as concerns the power of the court to compel the payment of this judgment by ordering a resort to taxation, if necessary, for that purpose. The provision of the constitution invoked to defeat the payment of this judgment, in express terms confers upon the general assembly power to authorize a county to levy a tax to build and repair bridges; and this power has already been exercised by the passage of a general law to that effect. Code, §§496, 497, 502, 503, 667 to 690, both inclusive. This ample grant of power and the means provided for executing it imposes on the county obligations and corresponding duties to the public (code, §691, and citations), and subjects the county to liability for a failure to perform those duties. We are, therefore, unanimously of opinion, notwithstanding the fluctuations and changes in the views of some of the judges, that this *mandamus* should have been made absolute, and the county commissioners should have been ordered to pay this judgment, as prayed by the relator.

Judgment reversed.