BRUNSON *v.* CASKIE *et al.*, commissioners.

1. Before the writ of mandamus will issue to compel the county commissioners to issue their warrant upon the treasurer to pay a debt, it must appear that the debt comes within the classes provided in the constitution for which a tax may be levied.

2. When it appears, on application for mandamus to compel the issue of a county warrant to pay a judgment obtained against a county, that the county was without power to levy a tax to pay the damages alleged to have been sustained in the suit on which the judgment is founded, the principle of res judicata does not apply; and the court will go behind the judgment to ascertain if the liability of the county be such that it may legally levy a tax to discharge it.

3. Where, upon application for mandamus to compel the issuance of a warrant to pay a judgment, the pleadings in the case which resulted in the judgment sought to be enforced disclose that the judgment against the county was founded on an alleged cause of action for which the county was neither liable nor could constitutionally levy a tax to discharge the alleged liability, the writ of mandamus should not issue.

Submitted July 18, 1906.—Decided February 14, 1907.

Petition for mandamus. Before Judge Spence. Baker superior court. April 17, 1906.

Brunson brought suit against Baker county for damages alleged to have been sustained because of a defective condition of a public road. The cause of action attached to the summons alleged that the county authorities had negligently allowed the public road to get out of repair, and that the plaintiff's agent, in charge of his horse, in the exercise of ordinary care was driving the horse upon

the public road, when it fell into a ditch or gully which traversed the road, and was killed, to the damage of the plaintiff in the sum sued for. The suit resulted in a judgment. Subsequently Brunson filed his petition in the superior court, alleging that he had demanded of the county commissioners of Baker county payment of the judgment, and that they refused to pay the same, or to issue their warrant on the county treasurer for an amount sufficient to discharge the judgment, and praying that the writ of mandamus do issue requiring the commissioners to issue to him a county warrant upon the treasurer for the amount of the judgment. The court refused to make the mandamus absolute, and exception is taken to the judgment denying the writ.

A. S. *Johnson,* for plaintiff.   *D. F. Crosland,* for defendants.

Beck, J. (After stating the facts.) The first step in the inquiry as to the power of a court to compel a public officer by mandamus to do an act is to determine whether the act is within his official duty. A county is not liable to suit for any cause of action, unless made so by statute. Political Code, §341. There is no statute which expressly or impliedly makes a county liable in damages for injuries sustained because of a defective public road, where the injury did not occur from a defective bridge. It is clear that if the claim for damages which was the subject-matter of the plaintiff's suit had not been reduced to judgment, the county commissioners could not be compelled to pay the alleged claim. Further, the county commissioners can not lawfully levy a tax unauthorized by the constitution, nor can they divert a fund raised by taxation to the payment of a claim or demand for the satisfaction of which no tax could be constitutionally levied. "Before an officer can be required to pay out public money, or be justified in doing so, those who demand its payment should be able to show a clear provision of the law which entitles them to receive it." *Kennedy* v. *Seamans,* 60 *Ga.* 612; *Houston County* v. *Kersh,* 82 *Ga.* 252, 255. The county revenue is mainly derivable from taxes, supplemented by such incidental funds as are paid into the treasury from the sale, rent, or hire of county property, licenses, etc. Political Code, §§399, 420. The prayer of the application for mandamus is to compel the commissioners to issue a warrant on the treasury. Such warrant, if so issued, would be drawn on any and all funds in the treasury. The constitution (Civil Code, §5892) declares that

"The General Assembly shall not have power to delegate to any county the right to levy a tax for any purpose, except for educational purposes in instructing children in the elementary branches of an English education only; to build and repair the public buildings and bridges; to maintain and support prisoners; to pay·jurors and coroners, and for litigation, quarantine, roads, and expenses of courts; to support paupers and pay debts heretofore existing." This constitutional provision not only inhibits the payment of a demand for which the county is not liable by levying a tax, but only permits by this means the payment of such claims as come within the enumerated cases for which they may levy a tax.

But it is said that the judgment which the applicant obtained in the justice's court finally adjudicated the county's liability. "The essential nature and real foundation of a cause of action are not changed by recovering judgment upon it; and the technical rules, which regard the original claim as merged in the judgment, and the judgment as implying a promise by the defendant to pay it, do not preclude a court to which a judgment is presented for affirmative action (while it cannot go behind the judgment for the purpose of examining into the validity of the claim) from ascertaining whether the claim is really one of such a nature that the court is authorized to enforce it." Wisconsin v. Pelican Ins. Co., 127 U. S. 265. A judgment may be recovered against a county upon a demand which the county authorities may be without constitutional power to discharge by the levy of a tax. Moreland v. Troup County, 70 Ga. 714. Such a judgment may be enforced by levy, if at all, but mandamus will not lie to compel the issuance of· a warrant payable from taxes which can not be constitutionally levied. Putting the alleged claim into judgment gives the plaintiff no new rights, in respect to the means of payment, which did not exist before the judgment was obtained. U. S. v. County of Macon, 99 U. S. 584. When application is made to collect a judgment by process not contained in itself and requiring, in order to be sustained, reference to the alleged cause of action upon which it is founded, the aid of the court should not be granted, when upon the face of the record it appears, not that mere error supervened in the rendition of such judgment, but that it rests upon no cause of action whatever. Brownsville v. Loague, 129 U. S. .505. It appeared in the mandamus proceeding that the county was not

liable to the plaintiff on the alleged cause of action as set out in the original suit, and the writ of mandamus to enforce the judgment predicated thereon was properly denied.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*