## ROBERT *v.* WILKINSON COUNTY.

[ATKINSON, J. 1. Before the writ of mandamus will issue to compel the
county commissioners to issue their warrant upon the treasurer to
pay a debt, it must appear that the debt comes within the classes pro-
vided in the constitution for which a tax may be levied. *Brunson* v.
*Caskie,* 127 *Ga.* 501 (56 S. E. 621, 9 L. R. A. (N. S.) 1002) ; *Barksdale*
v. *Hayes,* 134 *Ga.* 348 (67 S. E. 852).

2. The constitution (Civil Code, § 6562), declares: "The General As-
sembly shall not have power to delegate to any county the right to levy
a tax for any purpose, except for educational purposes in instructing
children in the elementary branches of an English education only; to
build and repair the public buildings and bridges; to maintain and sup-
port prisoners; to pay jurors and coroners, and for litigation, quaran-

tine, roads, and expenses of courts; to support paupers and pay debts heretofore existing; to pay the county police, and to provide for necessary sanitation."

3. It is manifest that the compensation provided for surveyors, their chain-bearers, flag-bearers, and other laborers, in the act approved August 17, 1908 (Acts 1908, p. 96), for services rendered in connection with the settlement of disputed county lines, is not included among those things for which a county is authorized to levy a tax.

(a) Accordingly, it was not error to sustain the demurrer to the petition for mandamus, which sought to compel the county commissioners to issue a warrant on the treasurer for the payment of a debt of the character last mentioned.

4. The petition for mandamus to compel the county commissioners to issue a warrant was not amendable into a suit against the county for the value of the services.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*
FEBRUARY 16, 1912.

Petition for mandamus. Before Judge James B. Park. Wilkinson superior court. May 9, 1911.

*J. W. Preston Sr.* and *F. Chambers & Son,* for plaintiff.

*Hardeman, Jones, Callaway & Johnston* and *John S. Davis,* for defendants.