### SMITH *v.* BAKER COUNTY.

Where suit was brought by a surveyor, who was appointed by the Governor to run a disputed line between two counties under the Civil Code (1910), § 472 et seq., to recover from one of such counties one half of the charge for such survey, there was no error in dismissing the suit on general demurrer, on the ground that there is no valid law authorizing a county to levy taxes to meet such a claim, and that a county is not liable to suit thereon.

JULY 24, 1914.

Complaint.    Before Judge Frank Park.    Baker superior court. March 18, 1913.

*Pope & Bennet,* for plaintiff.

*A. S. Johnson* and *Benton Odom,* for defendant.

LUMPKIN, J.    The constitution limits the purposes for which a county may levy taxes.    Civil Code (1910), § 6562.    Taxation is the normal and ordinary source of income of counties.    The act of 1887, which undertakes to place upon counties the duty of paying for services of a surveyor appointed by the Governor to run disputed county lines (Civil Code (1910), §§ 472, 478), was passed with reference to the normal condition of counties, and contem-

plated payment from normal sources, and not merely from accidental pecuniary windfalls. It dealt with all counties which might have disputed lines, not merely with those which might possibly have property subject to levy and not arising from taxation, if any such there be. It certainly did not intend to declare a liability to pay which in few, if any, cases could be enforced. There is nothing to indicate that it could be enforced in this case. The law was a general one, not one passed to operate in possible though unusual and highly improbable situations. But this court has held that payment of such a claim, even if reduced to judgment, can not be enforced by taxation or from money arising from taxation. *Robert* v. *Wilkinson County,* 137 *Ga.* 601 (73 S. E. 838).

In *Early County* v. *Baker County,* 137 *Ga.* 126 (72 S. E. 905), the act providing a method for the surveying and fixing of disputed county lines was attacked as unconstitutional, on the contention that it provided for a hearing by the secretary of State and thus sought to confer on him judicial powers, when the constitution declares that the three departments of government shall be kept separate, and that no person discharging the duties of one shall at the same time exercise the functions of either of the others. The act was upheld on the ground that the provision was not for litigation between counties, but that counties were political subdivisions of the State, that the State could lay out counties and fix county lines, and that it also could provide means by which it could ascertain such boundaries if they became obscure or uncertain. This treated the proceeding as the exercise of a political function of the State government, and not a suit between counties. If it had been considered as a litigation between counties, the act would have had to be declared unconstitutional. Viewed as the exercise of a political function of the State to fix or make clear the boundaries of its subdivisions, there is no provision in the constitution which authorizes the legislature to require the counties to pay the expenses of such a proceeding.

The statement in the constitution that each county shall be a body corporate, with such powers and limitations as may be prescribed by law (Civil Code (1910), § 6594), does not authorize the legislature to impose debts upon counties or to require counties to incur indebtedness otherwise than as in the constitution provided. If such an unlimited construction were placed upon the language

referred to, all constitutional limitations upon counties could be swept away. For certain purposes counties are incorporated, but this does not destroy the rest of the constitution.

It was contended that the decision in *Moreland* v. *Troup County, 70 Ga.* 714, controlled this case. We can not concur in that view. Prior to the adoption of the constitution of 1877, there had been some difference of opinion among the Judges of this court as to the liability of a county for damages resulting from negligence in failing to keep up public bridges. When the case just above cited was decided, that difference still existed. It was there declared, that, if such a liability for damages so resulting existed prior to the adoption of the constitution of 1877, the liability was not destroyed by the adoption of that constitution, and that a suit for damages so resulting after its adoption was not demurrable. At a later date the difference of opinion above mentioned was reconciled, and in *Dearing* v. *Shepherd, 78 Ga.* 28, it was decided, that, where a judgment was obtained against a county for injuries to a horse, caused by a defective bridge, which the county was chargeable with the duty of maintaining and keeping in repair, the county commissioners could be compelled by mandamus to pay it, the right to raise money to make such payment being included in the power to levy a tax to build and repair bridges. Thus the conditional statement contained in *Moreland* v. *Troup County,* supra, was eliminated, and the rule was declared both as to liability and duty to pay in such case, though not as anticipated by Bleckley, J., in his dissenting opinion in *Davis* v. *Horne,* 64 *Ga.* 69, 71.

In the case before us, there is no question as to whether a county was liable, prior to the constitution of 1877, for a failure to discharge a duty in regard to bridges; but an effort was made by the legislature, long after the adoption of that constitution, to impose upon a county a duty to pay for certain services of a surveyor appointed by the Governor in connection with the exercise of a State function. The two things are quite different. In case of a liability imposed by the constitution itself, such as for taking or damaging private property for public use, a different question would arise as to harmonizing parts of the constitution.

What we have said does not affect any part of the act under consideration except the provision as to requiring payment of the expenses by the counties.

*Judgment affirmed. All the Justices concur.*