POWELL, trustee, *et al. v.* HALL HARDWARE COMPANY.

HILL, J. 1. This being an application for mandamus to compel the levy of a tax under sec. 129 of the code of school laws (Acts 1919, p. 341), and it not being alleged in the petition, and it not appearing from the agreed statement of facts, that the school district was one in which the levy of a local school tax was authorized, the court below erred in granting a mandamus absolute.

(a)   No tax can be levied in a local school district unless authorized by popular vote as provided by the amendment to the constitution, ratified November 2, 1920 (Acts 1919, p. 66).

(b)   The fact that a judgment has been rendered against the trustees of a school district does not affect the ruling made above. *Brunson* v. *Caskie*, 127 *Ga.* 501 (56 S. E. 621, 9 L. R. A. (N. S.) 1002).

2. The question here decided was not involved and passed upon in the case of *Ty Ty Consolidated School Dist.* v. *Colquitt Lumber Co.*, 153 *Ga.* 426 (112 S. E. 561). The levy of a tax was not involved in that case, and it was not a proceeding by mandamus to compel the levy of a tax.

3. In view of the above ruling the court erred in granting a mandamus absolute.        *Judgment reversed.   All the Justices concur.*

No. 3616.   OCTOBER 11, 1923.

Mandamus. Before Judge W. E. Thomas. Colquitt superior court. January 18, 1923.

*Erle B. Askew, James L. Dowling,* and *Hoyt H. Whelchel,* for plaintiffs in error.

*R. S. Roddenbery Jr.* and *Humphries & DeLoache,* contra.