# CASES

DECIDED IN THE

# SUPREME COURT OF GEORGIA

AT THE

## OCTOBER TERM, 1927

WRIGHT, comptroller-general, *v.* ATLANTIC COAST LINE
RAILROAD COMPANY.

1. "The trustees of a local school district are not empowered or authorized
by law to borrow money." Consequently, where such trustees borrowed
money, "no liability attached to the local school district." *Powell* v.
*Bainbridge State Bank,* 161 *Ga.* 855 (132 S. E. 60). No action will
lie upon notes given for money borrowed to maintain and operate a
school in a local school district. *Baggerly* v. *Bainbridge State Bank,*
160 *Ga.* 556 (128 S. E. 766).
2. The fact that a judgment has been rendered against the local school
district does not affect the rulings made above, and will not authorize the
levy of a tax in excess of the limit provided in the constitution. *Powell*
v. *Hall Hardware Co.,* 156 *Ga.* 614 (119 S. E. 595); *Brunson* v. *Caskie,*
127 *Ga.* 501 (56 S. E. 621, 9 L. R. A. (N. S.) 1002).
3. The tax levy to pay interest and sinking-fund on school bonds is not
attacked.

No. 5841. OCTOBER 13, 1927.

Illegality of execution. Before Judge Custer. Decatur su-
perior court. December 31, 1926.

*A. B. Conger,* for plaintiff.

*R. G. Hartsfield* and *Bennet & Peacock,* for defendant.

GILBERT, J. The Bainbridge State Bank secured a judgment
against the Brinson Consolidated School District, of Decatur
County, its treasurer and trustees, for $4,072.07 and interest,
representing a demand of said bank against said school district
for an unpaid draft cashed by the bank to provide funds for

Schools and School Districts, 35 Cyc. p. 976, n. 31; p. 1003, n. 20 New.

operating the school of said district in 1924, said draft having been executed by said treasurer and trustees, accepted by the tax-collector of said county, and discounted by him to the bank. On December 7, 1925, the Commissioners of Roads and Revenues of said county levied a tax of 10 mills on the dollar upon all property in said school district, to pay said judgment. The Atlantic Coast Line Railroad Company refused to pay said tax, and the Comptroller-General of Georgia issued, on March 30, 1926, his fi. fa. against said railroad company in the sum of $1,265.17, with interest from December 20, 1925, "as balance of its tax for the year 1925 due the Brinson school district," which fi. fa. was levied upon the company's depot property in the Town of Brinson. The company filed its affidavit of illegality, alleging that the fi. fa. was issued to collect on said judgment, and was illegal; that said judgment was void, because there had already been paid on its property all the school tax allowed by law to be levied for the year 1925; that is to say, 5 mills of county-wide tax, 5 mills additional under the McMichael school act, and 6 mills to pay interest and sinking-fund on school bonds. On the hearing the court passed an order to the effect that, notwithstanding any judgment against the school district, there was no authority to levy a school tax in excess of the taxes already levied, because no election had been held to authorize incurring any debt other than current expenses and interest and sinking-fund on bonds; and sustained the affidavit of illegality on the ground that "the levy is contrary to the inhibition of the constitution." To this judgment the comptroller-general excepted on the ground that it was error because contrary to law. The judgment is *Affirmed. All the Justices concur.*

GILBERT, J., concurring specially. The headnotes express the view of the majority of the court, in which I concur; but in addition I am of the opinion that the tax which may be levied by a school district is limited to 5 mills on the dollar by the amendment to the constitution of Georgia, proposed under Ga. Laws 1919, p. 66, and ratified by the people in 1920. *Brown* v. *Martin,* 162 *Ga.* 172, 178 (132 S. E. 896).

HINES, J., concurring specially. In my opinion this case can be decided without passing upon the question suggested in the special concurrence of Mr. Justice Gilbert. On that question I do not express any opinion.