EISON *et al. v.* SHIRLEY, ordinary.

1. The court did not err in overruling the demurrer to the answer to the petition.
2. Under the act of 1914 (Ga. L. 1914, p. 142; Park's Code, §§ 849 et seq.), which superseded the act of 1913 (§§ 855(1), 855(2)), the ordinaries of the counties of this State are given authority in their dis-

––––––––––––

Counties, 15 C. J. p. 486, n. 92; p. 496, n. 11; p. 505, n. 67.
Mandamus, 38 C. J. p. 554, n. 34; p. 556, n. 54; p. 916, n. 68.

cretion to elect or appoint "county police," and "to fix the salaries" of such. Such appointees are empowered "to make arrests, and to execute and return all criminal warrants and processes, as sheriffs of this State now have," etc.

3. Where a statute authorizes the ordinary to appoint county police, and provides that the ordinary shall fix the salary of such police to be paid out of the county treasury, the ordinary is without authority to appoint a policeman under an agreement by which he is to be paid for work done in enforcing the prohibition law by destroying stills, and for which he is to be paid so much for each still destroyed, to be paid out of the funds derived by fines and forfeitures from the enforcement of the prohibition law. If such work or service is rendered under a contract which the ordinary is not authorized to make, no implied obligation arises on the part of the county to pay for such services, even though the county receives the benefit.

4. Mandamus is not an available remedy to compel an act not authorized by law.

5. The verdict was authorized by the evidence, and the court did not err in overruling the motion for new trial.

No. 5993. December 16, 1927.

Petition for mandamus. Before Judge Wood. Milton superior court. April 9, 1927.

V. V. Eison and W. H. Nix filed a petition for a mandamus to compel O. C. Shirley, ordinary of Milton County, to levy a tax to pay off a certain voucher issued by R. E. Douglas, the former ordinary of said county, in favor of the plaintiffs. The voucher was addressed to the county treasurer, and directed him to pay to the order of the plaintiffs $811.10 "for services as county policemen . . out of county officers fund." On the back of this voucher appears this entry: "Presented January 2, 1925, and not paid for want of funds. R. D. Manning, Treasurer Milton County." Repeated presentations brought the reply that the treasurer had no funds from which to pay off the voucher. The defendant filed an answer denying the liability of the county upon the warrant, or its ability to pay it out of the "county officers fund" on which it was drawn. The warrant with numerous others of equal rank against that fund exceeds in amount all funds raised by legal tax levied in any year for the payment of county officers. The warrant was issued by the former ordinary of the county on December 31, 1924, the last day of his term of office; and on the same day he issued numerous other warrants against the county officers fund when there was "none of said fund in the county treasury of said county." Defendant avers, that all of

said warrants were illegally issued, for the reason that their consideration was pretended services performed by officers in enforcement of the prohibition law, such as capturing and destroying stills, etc., which work, if done and if to be paid for at all, was in law chargeable to what is commonly known as the prohibition fund, which is derived from and made up by the efforts of officers in enforcing the prohibition law; that the warrant is without any consideration, and is a part of a fraudulent scheme devised by plaintiffs to defraud Milton County of money; that plaintiffs imposed on and misled the former ordinary by padding their accounts and making false and unlawful charges which should not have been allowed; and that the warrant is not binding on the county. The defendant amended by averring that the former ordinary agreed that the appointment of plaintiffs was to be as county policemen for the county, and that their duties as such should be confined to the various operations necessary to the enforcement of the prohibition law; that they were to be paid for their work "by the piece; that in most instances the charges are made where the plaintiffs simply cut down old boxes, tubs, or barrels, which contained nothing except old slop or slag, long since run off, being nothing but waste, and absolutely useless in the making of liquor, and this defendant insists that the allowing of these charges on the part of the ordinary was a fraud against Milton County, and that such official carelessness, whether the result of mistake, fraud or imposition, all of which this defendant charges, is enough to make said warrant void in law, especially so when the plaintiffs themselves were instrumental in procuring it and did procure it by padding their accounts and making said false and fraudulent charges. . . It was expressly agreed between the said ordinary and the plaintiffs that they should get their pay for all of their services rendered as such prohibition officers only from funds derived from the enforcement of the prohibition laws . . which might come into the county treasury as the result of the enforcement of the prohibition law, and there was no agreement or contract by which they were to be paid anything from the county treasury or from funds brought into the county treasury from collections made through regular taxation. These policemen were appointed, and accepted their appointments, and entered upon their work under this contract, and received pay for a large part

of their services, according to the terms of this contract." It is averred that the warrant in question was issued in violation of the foregoing contract, and that it was a legal fraud upon Milton County for the plaintiffs and the ordinary to issue said warrant, because it was in violation of the contract under which the services were rendered, etc. The plaintiffs demurred generally to the answer as amended, and specially on the ground that no such act of fraud or mistake was pleaded as to raise any issue. The court overruled the demurrer. After evidence was introduced the jury returned a verdict for the defendant. The plaintiffs moved for a new trial upon the general grounds. The motion was overruled, and they excepted to that ruling and to the ruling on the demurrer.

*H. B. Moss* and *G. B. Walker,* for plaintiffs.

*J. P. Brooke,* for defendant.

HILL, J. (After stating the foregoing facts.)

1. The answer to the petition as amended was sufficient to withstand the general and special demurrers, and the court did not err in overruling them.

2. The verdict was authorized by the evidence. The defense, as made by the answer and the evidence, was in substance the following: The warrant issued by the former ordinary in favor of the plaintiffs, who sought by mandamus to compel the present ordinary to levy a tax for the purpose of paying off the warrant, was a legal fraud on Milton County, and the former ordinary and the plaintiffs had conspired to and did perpetrate this fraud. The former ordinary, about two years before the expiration of his term of office, employed plaintiffs as prohibition agents for the purpose of enforcing the prohibition law by capturing and destroying stills, etc., and called these men so employed "county policemen of Milton County," and made a contract with them to perform certain duties only in connection with destroying stills and distilling apparatus, and to apprehend cars conveying liquor through said county and to capture "liquor runners." For these services plaintiffs were to be paid certain specified fees for each piece of work, and were to receive as compensation for this work money derived from the proceeds of this "line of work." This fund, known as "the prohibition fund," amounted to a considerable sum at the time plaintiffs were first employed, but was soon exhausted; and

on the day before the former ordinary was about to retire from office on account of the expiration of his term, he issued this warrant on the county treasury for $811.10; the warrant to be paid "out of county officers fund." It is insisted by the plaintiffs that the warrant was legal and in accordance with the contract, and that the officers should be paid out of the county fund. On the other hand the defendant contends that the warrant was issued without authority, and contrary to the terms of the contract under which the plaintiffs were employed; that the plaintiffs were to be paid "by the piece for all their work," and that plaintiffs' services were to be paid for only from funds which might arise from the enforcement of the prohibition statute, that is from fines, forfeitures, and sales of cars or other contraband articles. At the time that the warrant was drawn there was in the treasury no "county officers fund" from which the warrant could be paid. We are of the opinion that under the facts the plaintiffs were not county policemen as contemplated by the act of 1914 (Park's Code, §§ 850-855), which act superseded the act of 1913 (Park's Code, §§ 855(1), 855(2). The act of 1914 applies to all counties of the State. (See Michie's Georgia Code (1926), §§ 855 et seq.) The plaintiffs were special officers employed by the former ordinary to perform certain specified duties, and not the general duties devolving upon county policemen under the code. Under the code, county policemen are "appointed" by the ordinary and become county officers by virtue of such appointment, and the law requires that at the time of such appointment the ordinary shall "fix the salary" of such county policemen; and in such circumstances the ordinary is authorized to levy a tax to pay their salaries. County policemen, under such appointment, are not confined to the enforcement of any particular statute, as in the present case. The statute requires that policemen so appointed, as already indicated, shall receive a fixed salary, and not fees for certain specified work in the enforcement of one particular statute; and where the law fixes a salary which an officer is to receive for his services, he can not recover commissions or fees. *Phillips* v. *Hanks,* 154 *Ga.* 244 (113 S. E. 806). Where an ordinary has agreed to pay specified fees to aid in the enforcement of the prohibition law only, the county authorities, whose duty it is to levy the tax authorized by law, can not be required to levy

a tax for such purpose, in the absence of some provision of law. See *Koger* v. *Hunter,* 102 *Ga.* 76 (29 S. E. 141). If work or services are rendered under a contract which the ordinary is not authorized to make, no implied obligation arises on the part of the county to pay for such services, even though the county receives the benefit thereof. *Decatur County* v. *Roberts,* 159 *Ga.* 528 (126 S. E. 460) ; *Bowers* v. *Hanks,* 152 *Ga.* 659 (111 S. E. 38). Mandamus can not be applied as a remedy to compel an act not authorized by law. *Hannah* v. *Lovelace-Young Lumber Co.,* 159 *Ga.* 856, 859 (127 S. E. 225). We are of the opinion that under the evidence as applied to the foregoing principles, the jury were not only authorized but required to find a verdict in favor of the defendant. *Judgment affirmed. All the Justices concur.*