DANIEL *et al.*, commissioners, *v.* HUTCHINSON, tax-commissioner.

No. 7252. NOVEMBER 14, 1929. REHEARING DENIED DECEMBER 16, 1929.

*Henry Reeves* and *L. B. Wyatt,* for plaintiffs in error.
*M. U. Mooty,* contra.

BECK, P. J. Frank Hutchinson, tax-commissioner of Troup County, brought his petition for mandamus against the commissioners of roads and revenues of the county, praying that the defendants be required to pay the premium on the bonds required of the plaintiff as tax-commissioner. The amount of the premium is $534. Petitioner paid the premiums on the bonds which he furnished as required by the act of the General Assembly creating the office of tax-commissioner, approved August 20, 1927 (Georgia Laws 1927, p. 695). Petitioner insists that under the provisions of that act it is the duty of the county to pay the premiums on the bonds which the tax-commissioner is required to furnish. This

the board of county commissioners of roads and revenues denies, contending that the premium on the bonds is not a just and legal charge against the county, but that the payment of the premium is a legal burden resting upon the person furnishing the bond, and that there is no statute which authorizes the county to levy a tax to pay such a claim, nor is there any constitutional provision authorizing the county to levy a tax to pay it. The trial judge sustained the contention of the applicant, and the respondents excepted.

We can not agree with the conclusion reached by the trial judge, though we agree with much that he said in his opinion furnished in connection with his judgment. In that opinion he recognized as settled doctrine that a county is not liable to suit for any cause of action, unless expressly made so by statute or by necessary implication. In many cases decided by this court the court has applied the statute contained in section 384 of the Civil Code, which declares that a county is not liable to suit for any cause of action, unless made so by statute. In *Barksdale* v. *Hayes,* 134 *Ga.* 348 (67 S. E. 852), it was held: "Assuming a judgment against a county to be valid and not open to attack as such, yet where the record of the suit does not show upon its face that the judgment rests upon a claim referable to any one of the purposes enumerated in the constitutional provision for which taxes may be levied by the county, and this does not otherwise appear, the writ of mandamus should not issue to compel the county commissioners to issue a warrant upon the county treasurer for its payment from funds arising from taxation, or to levy a tax in order to provide for such payment." In *Robert* v. *Wilkinson County,* 137 *Ga.* 601 (73 S. E. 838), it was said: "Before the writ of mandamus will issue to compel the county commissioners to issue their warrant upon the treasurer to pay a debt, it must appear that the debt comes within the classes provided in the constitution for which a tax may be levied;" citing *Brunson* v. *Caskie,* 127 *Ga.* 501 (56 S. E. 621, 9 L. R. A. (N. S.) 1002). See also *Humber* v. *Dixon,* 147 *Ga.* 480 (94 S. E. 565); *Floyd County* v. *Scoggins,* 164 *Ga.* 485 (139 S. E. 11, 53 A. L. R. 1286). In *County of Monroe* v. *Flynt,* 80 *Ga.* 489 (6 S. E. 173), it was said: "There is no liability on the county for any cause whatever, except such as created by statute. Counties are not liable at common law; and it

is for the reason that the several counties of the State are political divisions, exercising a part of the sovereign power of the State; and they can not be sued except where it is so provided by statute."

In view of these decisions and others laying down a similar doctrine, we must inquire and decide whether or not there is any statute making it the duty of the county to pay the premiums on the bonds under consideration here. If there is any statute imposing this obligation on the county, it is to be found in the act of 1927, referred to above. In section 7 of that act the tax-commissioner is required, at the time of taking the oath prescribed by the statute, for the faithful performance of his duties, etc., to "give bond and security as follows:" And then follows subsection (a) of section 7, requiring the giving of a bond to the Governor. After this, in subsection (b), is the following requirement: "Bond and security, payable to the Board of Commissioners of Roads and Revenues of Troup County, Georgia, conditioned for the faithful performance of his duties as such tax-commissioner, in a sum to be fixed by said board of commissioners, which said bond must be filed with and approved by said board of commissioners, and recorded on the records of said board." Subsection (b) is followed by the provision that "The security on both of said bonds shall be a reliable bonding company." In this part of the statute there are no express words that make it obligatory upon the county to pay the premiums upon the bonds which the tax-commissioner is to furnish, nor is there any provision in any other part of the act of 1927 which makes it the duty of the county to pay this premium; nor, after a careful consideration of the terms of that part of the statute which we have quoted, can we see that it affords a basis for the conclusion that it is necessarily to be implied that the county shall pay it. We think the implication is the reverse of such a conclusion. The tax-commissioner is to "give" the bond; he is to furnish the bond; that is a prerequisite to his entering upon the discharge of the duties of the office. And we think that, inasmuch as he is to furnish this bond, he is also under the duty of doing that which would enable him to furnish it; that is, he is to find a "reliable bonding company," who will sign as security, and he must pay it that which is necessary to secure its signature, to wit, the premium exacted by the company. It follows that the judgment granting the mandamus absolute must be

*Reversed. All the Justices concur.*