SUMMERVILLE COTTON MILLS *v.* THOMASON, sheriff, *et al.*

No. 10210.   OCTOBER 11, 1934.

*John D. & E. S. Taylor* and *Wright & Covington,* for plaintiff.

*Wesley Shropshire, C. D. Rivers,* and *Maddox, Matthews & Owens,* for defendants.

BELL, J.   ■   This was a suit to enjoin enforcement of a county tax levy. The court did not err in striking on demurrer the plaintiff's allegation that the levy was void because it failed to specify the percentage of State tax levied for each specific purpose. This was a general attack upon the whole levy which consisted of several items, and it appears from the record that at least some of the items, if not all of them, duly specified what percentage of the State tax was levied. In such case it is not sufficient to attack the levy as a whole on the ground that it fails to specify what percentage of the State tax was levied. If any particular items were invalid for such reason, these should have been designated and specifically attacked on that ground. *Central of Georgia Railway Co. v. Wright, 165 Ga. 1 (5) (139 S. E. 890).*

■   The plaintiff alleged that the item "of 1 mill to pay all other lawful charges against the county" was in reality levied for the purpose of purchasing rights of way for roads, and was an attempt to levy an amount in excess of that authorized by law for road purposes, since in a different item the county had levied the maximum of 4 mills for road purposes as permitted by the alternative road law. In the plaintiff's motion for a new trial error is assigned on the direction of a verdict in favor of the county, the assignment of error being that the plaintiff's contention was sustained by "the undisputed evidence in said case." The record does not raise the

question of whether the direction of the verdict was erroneous because of issues of fact that should have been submitted to the jury. Cf. *Gilliard* v. *Johnston,* 161 *Ga.* 17 (129 S. E. 434). Whether or not, after levying a tax of 4 mills under the alternative road law, the county could levy an additional tax to raise a fund for the purchasing of rights of way for public roads (but see Civil Code (1910), § 678; Michie's Code, § 828(27); *Garrison* v. *Perkins,* 137 *Ga.* 744, 74 S. E. 541), the evidence here was not so positive, certain, and unequivocal as to demand a finding that the levy was actually intended for this purpose. See *Macon Consolidated Street Railroad Co.* v. *Barnes,* 113 *Ga.* 212 (8) (38 S. E. 756); *Whiddon* v. *Hall,* 155 *Ga.* 570 (6), 578 (118 S. E. 347). The evidence relied on was the testimony of a member of the board of county commissioners, and authorized the inference that the levy was made for the purpose of paying claims against the county for injuries alleged to have been caused by defective bridges; and there is no allegation that a levy for this purpose would be illegal. See, in this connection, *Dearing* v. *Shepherd,* 78 *Ga.* 28.

■ Neither the order on the demurrer nor the judgment refusing a new trial was erroneous for any reason urged.

*Judgment affirmed. All the Justices concur.*