## PURSER *v.* DODGE COUNTY.

No. 12819.   JUNE 15, 1939.

*H. E. Coates, Will Ed Smith,* and *W. C. McAllister,* for plaintiff.
*A. Russell Ross, C. E. Jackson, W. Glenn Thomas, Lamar Murdaugh,* and *D. C. Chalker,* for defendant.

JENKINS, Justice.   The authority delegated both to counties and to municipalities represents a part of the State sovereignty. *Scales* v. *Ordinary of Chattahoochee County,* 41 *Ga.* 225, 226; 7 R. C. L. 923, § 2; 19 R. C. L. 691, § 4.   While at common law counties exercised functions pertaining only to their sovereignty, and therefore acted in a governmental capacity, with the result that they were held to be immune from suit (*County of Monroe* v. *Flynt,* 80 *Ga.* 489, 490, 6 S. E. 173; 14 Am. Jur. 237, § 78; 7 R. C. L. 966, § 40), the rule was different as to municipalities, which acted in a dual capacity, exercising powers pertaining not only to their delegated sovereignty, but powers of ministerial or proprietary character.   A distinction was therefore early drawn at common law with respect to suits against counties and suits against municipalities:   the difference being that at common law a suit could not be maintained against a county at all; whereas, with reference to municipalities, the question of liability on contract depended on whether the contract as made was authorized by the grant or charter of the municipality, and of liability as for a tort depended on whether the cause of action arose out of the exercise of

a governmental function, in which case the municipality was not liable, or whether it arose out of the exercise of a ministerial or proprietary function authorized by its grant or charter, in which case it was liable. *Collins* v. *Macon,* 69 *Ga.* 542, 544; *Rivers* v. *Augusta,* 65 *Ga.* 376, 378 (38 Am. R. 787) ; *Bond* v. *Royston,* 130 *Ga.* 646 (61 S. E. 491, 18 L. R. A. (N. S.) 409) ; 19 R. C. L. 697, § 9; 1081, § 368; 1109-1111, §§ 391, 392; 1137, § 414. In this State, whatever, may have been the changing functions of counties and cities, the rules as to their respective liabilities have been fixed and determined by the unambiguous language of the Code. While it is true that the liability of cities on their contracts is determined just as it was at common law, and under the Code, § 69-301, their liability as to torts conforms to the rule at common law, the rule of liability as to counties is different, in that the Code, § 23-1502, relaxes the rule which forbids altogether any suit against a county for any cause of action so as to authorize suits against it when so authorized by express constitutional or statutory authority. Thus, while under the constitution, a county is held liable for taking or damaging private property for public use (Code, § 2-301; *Smith* v. *Floyd County,* 85 *Ga.* 420 (2), 11 S. E. 850; *Felton Farm Co.* v. *Macon County,* 49 *Ga. App.* 239, 175 S. E. 29, and cit.) and under statutes it is made liable to suits for torts on account of personal injuries caused by defects in bridges over its public highways (Code, §§ 95-1001, 95-1209, 95-1210), there is no constitutional or statutory provision which can be taken to render a county liable for a tort on account of personal injuries arising from a defect in a highway constructed or repaired by the county; and this is true irrespective of whether the construction or repair of the highway was done in the performance of the county's own governmental functions in maintaining its system of highways, or whether it was done, as stated in the certified question, under a contract made by the county with the State Highway Department solely for pecuniary gain. *Millwood* v. *DeKalb County,* 106 *Ga.* 743 (32 S. E. 577), and cit.; *Brunson* v. *Caskie,* 127 *Ga.* 501 (56 S. E. 621, 9 L. R. A. (N. S.) 1002) ; *Hubbard* v. *County of Fulton,* 144 *Ga.* 363 (2) (87 S. E. 281) ; *Hammond* v. *County of Richmond,* 72 *Ga.* 188; *Smith* v. *Wilkes and McDuffie Counties,* 79 *Ga.* 125 (4 S. E. 20) ; *Dent* v. *Cook,* 45 *Ga.* 323; *Daniel* v. *Hutchinson,* 169 *Ga.* 492 (150 S. E. 681, 66 A. L. R. 792). See also

*Taylor* v. *Richmond County,* 185 *Ga.* 610 (196 S. E. 37) ; *Tounsel* v. *State Highway Dept.,* 180 *Ga.* 112, 115 (178 S. E. 285); *Decatur County* v. *Praylor &c. Co.,* 163 *Ga.* 929, 931 (137 S. E. 247), and cit. The question certified does not involve a determination as to whether a county would be liable on a contract which the law might expressly or impliedly authorize it to make.

*All the Justices concur.*