### 27323. Purser v. Dodge County.

Stephens, P. J. 1. "A county is not liable to suit for any cause of action unless made so by statute." Code, § 23-1502. Any statutory authority, if any, which may be conferred on a county, pursuant to the highway act or any other statute, to build and construct a public road, under contract with the highway department, does not fix liability against the county for any cause of action which might arise in favor of a person traveling along a highway which is being constructed by the county under such contract, for the negligence of the county in the execution of the contract. There being no liability provided by any statute of this State against a county for negligence arising out of the county's maintenance or construction of a public road, a county, notwithstanding it may, in the construction of a public road, be operating under a

contract from which it derives a pecuniary gain, made with the highway department pursuant to law, is not liable for its negligence in obstructing the roadway by leaving a pile of rock or gravel in the road in preparation for the construction by the county of a bridge, and as a result of which a person traveling along the road in an automobile runs into the pile of rock and is injured. The above ruling is in accordance with the answer of the Supreme Court to a certified question in this case, on June 15, 1939. 188 *Ga.* 250 (3 S. E. 2d, 574). See *Tounsel* v. *State Highway Department,* 180 *Ga.* 112, 116 (178 S. E. 285); *Brunson* v. *Caskie,* 127 *Ga.* 501 (56 S. E. 621, 9 L. R. A. (N. S.) 1002); *Salter* v. *Decatur County,* 15 *Ga. App.* 687 (84 S. E. 162).

2. The court did not err in sustaining the demurrer to the petition.

*Judgment affirmed.* *Sutton and Felton, JJ., concur.*

DECIDED JULY 8, 1939.

*H. E. Coates, W. C. McAllister, Will Ed Smith,* for plaintiff.
*A. R. Ross, W. Glenn Thomas, C. E. Jackson,* for defendant.