WRIGHTSVILLE CONSOLIDATED SCHOOL DISTRICT
*et al. v.* SELIG COMPANY.

No. 14397.   FEBRUARY 11, 1943.

*Rowland & Rowland,* for plaintiffs in error.

*W. M. Shurling* and *C. S. Claxton,* contra.

DUCKWORTH, Justice. ■ This proceeding is one seeking by the writ of mandamus to require public officers to act. It is available only for the purpose of requiring such officers to perform acts and duties clearly required of them by law. Code, § 64-101; *Atlantic Ice & Coal Corporation* v. *Decatur,* 154 *Ga.* 882 (115 S. E. 912). It is here sought to require the defendant officers to perform the acts required of the secretary and treasurer of the board of district school trustees and the county superintendent of schools in school districts levying a local tax as prescribed in the Code, § 32-1113. A condition precedent to the levy of a local school district tax is a vote of the people of the district, authorizing the same. Code, §§ 2-6901, 32-1108. The right to levy the district tax following a vote of the people authorizing the same may be withdrawn by a similar vote of the people to that effect, after it

has been in operation for over three years. § 32-1110. Thus it is clear that under the statutes there is no prima facie authority existing in any school district in this State to levy a district school tax. To state a prima facie case that shows a duty upon the defendants here to levy a district school tax, the petition must show that such tax levy has been authorized as required by the above constitutional provision and statute. In the absence of such averment the petition shows neither the authority nor the duty of the secretary and treasurer and county superintendent of schools to levy a district tax in the Wrightsville Consolidated School District. *Powell* v. *Hall Hardware Co.,* 156 *Ga.* 614 (119 S. E. 595); *Powell* v. *Jenkins,* 157 *Ga.* 546 (121 S. E. 686); *Hannah* v. *Lovelace-Young Lumber Co.,* 159 *Ga.* 856 (3) (127 S. E. 225); *Wright* v. *Atlantic Coast Line Railroad Co.,* 165 *Ga.* 101 (139 S. E. 817). See also, *Barksdale* v. *Hayes,* 134 *Ga.* 348 (67 S. E. 852); *Robert* v. *Wilkinson County,* 137 *Ga.* 601 (73 S. E. 838); *Wood* v. *Floyd County,* 161 *Ga.* 743 (131 S. E. 882); *Decatur County* v. *Praytor &c. Co.,* 163 *Ga.* 929 (137 S. E. 247); *Daniel* v. *Hutchinson,* 169 *Ga.* 492 (150 S. E. 681, 66 A. L. R. 793). In order to state a cause of action the petition must also show that the claim which the petitioner seeks to get paid by the levy of a tax is one for the payment of which a local tax can be lawfully levied and collected. *Brunson* v. *Caskie,* 127 *Ga.* 501 (56 S. E. 621, 9 L. R. A. (N. S.) 1002). The present petition contains neither of these essential averments, and hence it stated no cause of action and was subject to the general demurrer. The case having been heard on the pleadings as the only evidence, and the evidence thus failing to show these essentials, it was error to overrule the demurrer and grant mandamus absolute.

■ The defendants assail the judgment of the petitioner and contend that it is a nullity, for the reason that the Wrightsville Consolidated School District is not a body corporate or such a legal entity as can be subjected to suit. This contention is unsound. The identical question so raised has been decided adversely to the defendants' contention, in a decision of this court concurred in by all of the Justices. *Ty Ty Consolidated School District* v. *Colquitt Lumber Co.,* 153 *Ga.* 426 (112 S. E. 561). It was there said: "The plaintiff in error, a school district, is such a body corporate under the law that it may be sued, where it has incurred a

liability under the law." However, despite the fact that the school district is subject to be sued where it has incurred a liability under the law, the judgment against the district in such suit is not res judicata on the question of the right of the officers to levy a tax for the purpose of paying that judgment, in a mandamus proceeding to compel a levy of such tax; but in the mandamus proceeding the court will and must look beyond the judgment and determine for itself the question as to the authority to levy such tax. In *Brunson* v. *Caskie,* supra, it was said: "Before the writ of mandamus will issue to compel the county commissioners to issue their warrant upon the treasurer to pay a debt, it must appear that the debt comes within the classes provided in the constitution for which a tax may be levied." In that opinion it was held that when it appears in such a case that the county was without power to levy a tax to pay the claim in the suit on which judgment was founded, the principle of res judicata does not apply, "and the court will go behind the judgment to ascertain if the liability of the county be such that it may legally levy a tax to discharge it." In *Powell* v. *Hall Hardware Co.,* supra, after ruling that the court erred in granting mandamus absolute on an application to compel the school officials to levy a district tax, where the application failed to allege and the agreed statement of facts failed to show that the school district was one in which the levy of a local school tax was authorized, it was said: "The fact that a judgment has been rendered against the trustees of a school district does not affect the ruling made above." It was further held that the levy of a tax and proceedings by mandamus to compel the levy of a tax were questions not involved, and hence not passed on by this court, in *Ty Ty Consolidated School District* v. *Colquitt Lumber Co.,* supra. It follows, that although a school district may be sued, when it is sought by mandamus proceedings to compel the levy of a district tax for the purpose of paying the judgment rendered in a suit against the district, the court will go behind such judgment and determine for itself whether or not the claim upon which the judgment is based is one for the payment of which a tax may be lawfully levied and collected; and that, notwithstanding such judgment, if there does not exist authority of law for the levy of a tax to pay such claim, mandamus will be denied.

*Judgment reversed. All the Justices concur, except Reid, C. J., absent because of illness.*