## 31104. AYERS *v.* FRANKLIN COUNTY.

DECIDED NOVEMBER 21, 1945.

*G. P. Martin, J. B. G. Logan,* for plaintiff.
*A. C. Carson, George L. Goode,* for defendant.

SUTTON, P. J. This was a suit by J. C. Ayers against Franklin County for damages for personal injuries alleged to have been

sustained by him as an employee of the county while engaged in repairing and top-soiling a public road of the county. It was alleged that the plaintiff was injured by an old, worn, and defective grading machine, drawn and operated by a tractor, which was furnished to him by the county to be used in repairing and top-soiling said road, and that his injuries were directly caused by the negligence of the defendant in furnishing said defective machinery to be used by him in repairing said road.

The defendant demurred to the petition on the grounds: (1) that no cause of action was set out; (2) that the county is not liable to suit for any cause of action unless made so by statute, and that the petition failed to show any statutory authority authorizing the institution of the present suit against Franklin County. The trial judge sustained the demurrer and dismissed the action, and the plaintiff excepted.

At common law a suit could not be maintained against a county at all. The State can not be sued except by permission; and counties, being political subdivisions of the State, are not subject to suit except where it is so provided by statute. *County of Monroe* v. *Flynt,* 80 *Ga.* 489 (6 S. E. 173). The Code, § 23-1501, declares that "Every county is a body corporate, with power to sue or be sued in any court." But section 23-1502, provides that "A county is not liable to suit for any cause of action unless made so by statute." While it is true that a suit may now be maintained against a county in certain instances, still this can not be done except when it is authorized by express statutory or constitutional provision; and it is incumbent upon the person filing the suit to show that his case is within the legislative authority permitting such suit. *Millwood* v. *DeKalb County,* 106 *Ga.* 743 (32 S. E. 577); *Wood* v. *Floyd County,* 161 *Ga.* 743 (131 S. E. 882). There is no statutory or constitutional provision in this State authorizing the maintenance against a county of a tort action for damages for personal injuries sustained by an employee of the county while repairing a public road of the county, which injuries are alleged to have been caused by the negligence of the county in furnishing to the employee old, worn, and defective machinery which was to be used and which was being used by him in repairing the road at the time he received the injuries for which he sues the county. The present case is controlled by the authorities

above cited and by the rulings made in *Bailey* v. *Fulton County,*. 111 *Ga.* 313 (36 S. E. 596); *Seymour* v. *Elbert County,* 116 *Ga.* 371 (42 S. E. 727); *Decatur County* v. *Praytor,* 163 *Ga.* 929 (137 S. E. 247); *Tounsel* v. *State Highway Department,* 180 *Ga.* 112 (178 S. E. 285), s. c., 50 *Ga. App.* 520 (179 S. E. 167); *Purser* v. *Dodge County,* 188 *Ga.* 250 (3 S. E. 2d, 574), s. c. 60 *Ga. App.* 316 (3 S. E. 2d, 744); *Decatur County* v. *Townsend,*. 46 *Ga. App.* 103 (166 S. E. 774); *Born* v. *Fulton County,* 51 *Ga. App.* 537 (181 S. E. 106), and the many cases and authorities. therein cited.

According to the allegations of the petition, the plaintiff was. seriously injured. His counsel presented his case in an earnest. and ingenious manner, but there is nothing in the constitutional provisions or in the case of *Smith* v. *Floyd County,* 85 *Ga.* 420 (11 S. E. 850), cited and relied on by them, which authorizes or requires a ruling in this case different from the one above made.

The plaintiff's petition failed to show any right to maintain the suit, and the court properly dismissed the action on the demurrer.

*Judgment affirmed. Felton and Parker, JJ., concur.*