## PATTERSON, ordinary, *v.* TAYLOR *et al.*

1. The recommendations of two successive grand juries that a bridge be built over a stream crossed by a public road at a place where no bridge previously existed, do not render the building thereof a matter of such absolute duty on the part of the ordinary sitting for county purposes as to deprive him of the right to exercise a discretion in the premises, nor authorize a proceeding by *mandamus* to compel him to have such bridge built.

2. The court erred in making the *mandamus* absolute.

July 13, 1896. By two Justices. Argued at the last term.

*Mandamus.* Before Judge Sweat. Appling county. January 24, 1896.

*Parker & Thomas,* for plaintiff in error.
*G. J. Holton & Son,* contra.

SIMMONS, Chief Justice.

Certain citizens of Appling county petitioned the superior court for a *mandamus* against the ordinary of that county, to compel him to build a bridge over a stream across a public road at a place where no bridge previously existed, the petition alleging that the building of the bridge had been recommended by two successive grand juries. The

case was submitted, upon the law and the facts, to the presiding judge, who made the *mandamus* absolute; and to this judgment the ordinary excepted.

*Mandamus* will not lie to compel a public officer to do an act not clearly commanded by law. "It is only practicable by *mandamus* to compel performance of specific acts, where the duty to discharge them is clear and well defined, and when no element of discretion is involved in the performance." Where the officer has a discretion in the matter, the court may by this means compel him to exercise his discretion, but cannot direct in what manner he shall exercise it. 14 Am & Eng. Enc. of Law, art. *Mandamus*, 104; Merrill on *Mandamus*, §106 *et seq.*

The ordinary has, when sitting for county purposes, original and exclusive jurisdiction over establishing bridges in conformity to law (Code, §337), and there is no law which makes it imperative upon him to carry out the recommendations of a grand jury or of successive grand juries, with regard to the establishment of new bridges. This is a matter within his discretion, and no recommendation of the grand jury would deprive him of the right to exercise his discretion in the premises, nor authorize a proceeding by *mandamus* to compel him to have such a bridge built. The court erred in making the *mandamus* absolute.

*Judgment reversed.*