## AKERMAN v. FORD.

1. Where in a quo warranto case the trial judge rendered a judgment against the petitioner, containing a recital touching an agreement between counsel, afterwards set this judgment aside on the ground that a dispute had arisen as to the terms of the agreement, and then proceeded to hear the case and rendered another judgment against the petitioner (all of this occurring on the same day), it does not appear that the setting aside of the first judgment could have done petitioner any harm.
2. Even if the setting aside of the first judgment was, as claimed by the plaintiff, beyond the power of the judge and harmful to the plaintiff, his remedy to review this decision was to apply for a mandamus to compel the judge to sign a bill of exceptions to the first judgment, in the event of his refusal to do so.
3. Assuming that a school commissioner of the City of Cartersville is a municipal officer within the meaning of the law embodied in the Political Code, § 739, as amended by the act approved December 21, 1899 (Acts 1899, p. 26, Van Epps' Supp. § 6132), the judgment of the court below in favor of the respondent was right, if only because the mayor of the City of Cartersville is not embraced within the words " councilmen and aldermen."

Argued October 11, — Decided October 30, 1902.

Quo warranto.    Before Judge Fite.    Bartow superior court. August 23, 1902.

*Akerman & Akerman,* for plaintiff.
*John W. & Paul F. Akin,* for defendant.

ADAMS, J.   Without elaborating the points decided in the first two headnotes, we affirm the judgment of the court below for the reason stated in the third headnote.   It is not necessary for us to decide in this case whether or not a school commissioner of the City of Cartersville is a municipal officer within the meaning of the legislation invoked by the plaintiff in error.   It appears that the plaintiff in error complains because, while the defendant in error was mayor of the City of Cartersville, he was elected to the office of school commissioner, although (it is contended) he was ineligible, under this law, to hold that office.   In our opinion, the words ." councilmen and aldermen " do not embrace the mayor of a

city. It was not claimed in the argument, and is not in the brief for plaintiff in error, that there is any incompatibility between the two offices. The case is based upon the law embodied in the Political Code, § 739, as amended by the act of December 21, 1899 (Acts 1899, p. 26, Van Epps' Supp. § 6132), which law was originally passed in 1889 (Acts 1889, p. 181), under a title which reads as follows: "An act to declare councilmen and aldermen of towns and cities ineligible, during their term of office, to any other municipal office in said towns and cities." Commonly and colloquially, when we speak of a councilman or alderman, we do not refer to a mayor. The charter of the City of Cartersville, to be found in the Acts of 1872, pp. 179 et seq., seems to preserve this distinction. For example, in section 15 of the incorporating act, it is provided that the city shall be laid off "into four wards, and each ward shall be entitled to two aldermen — all of whom, and as well the mayor of said city, to be elected by general tickets — all voters voting for such candidates, not exceeding eight aldermen and a mayor, as they desire." The mayor and councilmen may together form the governing power, and therefore no legislation can be had without the presence and concurrence of the mayor; but it does not follow from this that the mayor is a councilman or that the councilman is a mayor. In the first volume of his work on Municipal Corporations, § 273, Mr. Dillon says: "Where the power to legislate for the corporation is vested in 'the mayor and councilmen,' the council by itself can not legislate, but must act in conjunction with the mayor. In deciding the point the court observes: 'If a simple resolution [instead of an ordinance] would be sufficient, yet, before it would have any validity, it would necessarily have to be signed by the mayor as a part of the lawmaking power: the coordinate action of both is required.'" The phraseology and spirit of the law, instead of embracing the mayor, suggests the contrary view. Under its terms it does not apply to any municipal office filled by appointment of the mayor. As the mayor could not appoint himself, the result of the view which would embrace the mayor within the inhibition would be that in a certain character of municipal offices (those filled by appointment), the law would not apply to a councilman or alderman, but would apply to the mayor in all cases. The fact that the appointees of the mayor are

expressly excepted is, we think, inconsistent with the construction of the act urged by the plaintiff in error.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*