JOHNSON *et al. v.* ARNOLD, mayor.

No. 9544. APRIL 14, 1933. REHEARING DENIED MAY 12, 1933.

*Camp, Savage & Crawford,* for plaintiffs.

*H. A. Allen* and *Quincy O. Arnold,* for defendant.

GILBERT, J. ■ It has uniformly been held that "mandamus can not be applied as a remedy to compel an act not authorized by law." *Hannah* v. *Lovelace-Young Lumber Co.,* 159 *Ga.* 859 (127 S. E. 225). "In a suit for mandamus, the duty which the complainant seeks to have enforced must be a duty arising by law, either expressly or by necessary implication; and the law must not only authorize the act to be done, but must require its performance." *Sibley* v. *Park,* 175 *Ga.* 846 (166 S. E. 212). In the present case the effort is not to interfere with a discretion lawfully exercised by the mayor, or to compel an act not authorized by law. On the contrary it is to compel an act which the law not only authorizes, but clearly requires its performance.

■ The charter of a municipality is its organic law, and bears the same general relation to its ordinances that the constitution of the State bears to its statutes. 2 Dill. Mun. Cor. (5th ed.) 904, § 575; McQuillin, Mun. Ord. 21, § 15; *Hall* v. *Macon,* 147 *Ga.* 704 (95 S. E. 248).

■ The charter of the City of Hapeville provides that "the mayor shall be chief executive of said city. . . He shall preside at all meetings of the council, or in his absence a member of the council shall be chosen to preside for the occasion. The mayor or presiding officer shall have no vote at meetings of the council, except in cases of a tie." Ga. Laws 1890-1891, vol. 2, p. 785, § 10. Clearly the evil sought to be remedied in providing when the mayor should cast a vote was that of inability of the council to act, because of a tie. When there is a tie, and not before, the mayor is authorized, under the organic law of the municipality, to cast a vote

for the purpose of breaking the tie. A contrary ruling would be to impute to the General Assembly a desire to place it within the power of the mayor to nullify action by creating a tie. The council of Hapeville, under the charter, consists of five members. When all are voting no tie can result, under the charter as above construed. A contrary construction would empower the mayor to create a tie whenever all vote, three one way and two the other. Moreover, the charter is explicit in declaring that "the mayor shall not vote." It provides an exception, and that exception is also explicit. The exception is "in case of a tie." The charter on that subject is clear and unmistakable. It follows that on the election for a clerk, when Lewis received three lawful votes and two votes were against him, there was no tie and the mayor's vote was legally unauthorized. Lewis was therefore elected clerk of the City of Hapeville.

■ The charter of the City of Hapeville provides that the clerk of said city "shall give bond for the faithful performance" of his duties, "said duties and the bonds required to be fixed and judged of by the mayor and council," and that before entering upon his duties he shall take an oath as prescribed by the mayor and members of council. It is conceded that a majority of the council provided for a bond in the sum of $5000, as a compliance with the charter requirements; that the same was signed by a security company and tendered by Lewis, the duly elected clerk; and that the mayor thereupon declined to approve or accept said bond, on the ground that Lewis had not been elected as clerk. The ruling that Lewis had not been elected clerk was based upon an erroneous construction of law. It did not constitute the exercise of a discretion vested in the mayor. The mayor did not pass upon the solvency of the security or the sufficiency of the amount of the bond. The action of the mayor was contrary to the city charter. Mandamus will lie to compel that official to declare Lewis the duly elected clerk, and to pass upon the sufficiency and solvency of the bond.

■ It is not necessary to decide whether, for the purpose of electing a clerk, the mayor and council constitute a "special board," or whether in such case the mayor and council act as in other city affairs, or whether, under the charter, the mayor is a member of the legislative department. In whatever capacity the mayor acts, his powers are governed by the terms of the charter. Whatever the

914

proper construction may be in these respects, the mayor can vote only when there is a tie.

*Judgment reversed. All the Justices concur, except Atkinson, J., who dissents.*

ON MOTION FOR REHEARING.

RUSSELL, C. J., dissents from the denial of the motion, and is of the opinion that the judgment should be affirmed.