WINN *v.* ADAMS *et al., commissioners, et al.*

No. 11808. SEPTEMBER 15, 1937. REHEARING DENIED DECEMBER 8, 1937.

174

*S. T. Allen* and *F. L. Breen,* for plaintiff.

*Charles B. Shelton, E. Harold Sheats, Ralph H. Pharr,* and *W. S. Northcutt,* for defendants.

BECK, Presiding Justice. J. B. Winn presented his application for mandamus against C. R. Adams et al., as commissioners of roads and revenues of Fulton County, Georgia, and Mrs. Mabel Abbott McNeill, as treasurer thereof, seeking an order of court requiring the defendants to "restore petitioner's name to the 1937 list of employees in the police department of Fulton County, Georgia," and "to issue to petitioner a warrant for his salary of $205 per month on the first day of each and every month hereafter, pending petitioner's discharge after a trial, upon charges, pursuant to the act of the General Assembly of Georgia approved March 10, 1933 [Ga. Laws 1933, p. 212], providing that the county police force of Fulton County should be placed upon civil service, under such rules and regulations for the conduct of the police department of the county as might be ordained, promulgated, and provided by the commissioners of roads and revenues of Fulton County." The applicant alleged that in pursuance of the act referred to the commissioners adopted and promulgated revised police department rules and regulations for the county, one of such rules being that police officers shall be discharged from the force "only after cause shown, after a trial and conviction for failure to discharge his duty or for any misconduct while on or off duty;" that he was "placed temporarily in charge of the bureau of identification in connection with the county police department, at a salary of $200 per month, the appointment to be effective as of January 1, 1934," and he was sworn in as such member of the police department; that at the adjourned session of the commissioners on January 12, 1935, his pay was raised to $205 per month, he "having been steadily and regularly employed as a county policeman, in the bureau of identification of said County of Fulton since January 1, 1934, up to, through, and including December 31, 1936;" that at the January, 1937, meeting of the commissioners his name was left off the salary list of Fulton County; that at a special meeting of the commissioners on December 8, 1936, another man was employed "to fill the vacancy caused by the resignation of

petitioner, at a salary to be determined later;" but he denies that he tendered any resignation to take effect at any date, and charges that he was dropped from the list of employees without any charges having been preferred against him, and without trial, as provided for in the act above referred to and the rules and regulations adopted in pursuance thereof.

The judge of the superior court entered the following judgment: "Upon presentation of this petition, after argument, filing and mandamus nisi is denied." The petitioner excepted.

■ The court did not err in refusing to issue a mandamus nisi. The applicant's right to the remedy sought is dependent on his being a member of the police force and coming within the provisions of the revised rules and regulations of the police department of the county. These rules and regulations are based upon, and issued and promulgated in pursuance of, the act of the General Assembly approved March 10, 1933, placing the county police in counties having 200,000 inhabitants (which applies to Fulton County) under civil-service regulations. While the applicant does allege in his petition that he had been employed as a county policeman in the department of bureau of identification of Fulton County, it appears that this allegation states merely his conclusion. He was employed in some capacity in the "bureau of identification," but there is no allegation to show that the members of this bureau were members of the police force, or that they had to perform duties that made them police officers. The duties of a policeman, the requirements which he is compelled to observe, and his qualifications, are set forth in the rules and regulations above referred to. It was a part of the duty of a member of the police force to "preserve the public peace, prevent the commission of crime, and arrest offenders," etc. There is nothing set forth in the petition which shows that it was the duty of the applicant for mandamus to preserve the public peace, prevent the commission of crime, or to arrest offenders. It is true that it appears that the bureau of identification acted in connection with the police force, and no doubt those employed in that bureau were frequently called upon to furnish the police force information as to the identification of criminals; but, as stated above, there is nothing to show that they had to comply with the absolute requirements of a policeman or police officer. For instance, the rules and regulations as set forth

in the exhibit attached to the petition require the police officers not only to preserve the peace and arrest offenders; but rule 10 specifically prescribes: "No member shall be allowed to go on duty unless he has in his possession a pistol, handcuffs, and pocket billet, and failure to do so shall subject him to suspension or dismissal from the force." There is nothing to indicate that a member of the bureau of identification will be required to comply with this requirement of every member of the police force; and the failure to show, by sufficient allegations in the application for mandamus, that a member of the bureau of identification falls within these prescribed duties of a policeman is alone sufficient to cause a denial of the remedy of mandamus sought by the applicant.

2. The ruling in the second headnote requires no elaboration.

*Judgment affirmed. All the Justices concur, except Bell, J., absent because of illness, and Hutcheson, J., who dissents.*

### ON MOTION FOR REHEARING.

PER CURIAM. In addition to the facts stated in the foregoing decision, the record shows the following: "By stipulation, consent of counsel, and order of the judge it was agreed that the following (offered by respondent) should be considered as a part of the petition: 'Upon motion of Commissioner Ragsdale, Chairman of the Committee on County Police, it was ordered that Mr. John B. Winn be placed temporarily in charge of the Bureau of Investigation in connection with the County Police Department, at a salary of $200.00 per month, the appointment to be effective as of January 1, 1934.'" So, whether or not the decision is correct so far as based upon the theory that the petition did not show that those employed in the bureau of investigation were members of the police force, it appears that the plaintiff was not regularly employed as a member of the police force to serve "during good behavior" under the terms of the civil-service act, but was employed only temporarily. Being so, he was not within the terms of this act.

*Rehearing denied. All the Justices concur, except Hutcheson, J., who dissents.*