TUCKER *et al. v.* WILSON, Secretary of State.

No. 15038.   OCTOBER 6, 1944.   REHEARING DENIED OCTOBER 17, 1944.

*H. A. Allen,* for plaintiffs.

*T. Grady Head,* attorney-general, *R. A. McGraw* and *Victor Davidson,* assistant attorneys-general, for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) Article 5, section 2, paragraph 2, of the constitution of this State (Code, § 2-2702) provides that the General Assembly shall have power to prescribe the duties and authority of the Secretary of State. The Code, § 34-1904, as amended by the act of 1943 (Ga. L. 1943, p. 292; Ga. Code Ann., § 34-1904), provides in part: "All candidates for national and State offices, or the proper authorities of the political party nominating them, shall file notice of their candidacy, giving their names and the offices for which they are candidates, with the Secretary of State, at least 30 days prior to the regular election." Section 8, paragraph 1 of the act approved January 7, 1944 (Ga. L. Ex. Sess. 1944, p. 2), provides: "All candidates for national and State offices, or the proper authorities of the political party nominating them, shall file notice of their candidacy, giving their names and the offices for which they are candidates, with the Secretary of State, at least ninety days prior to the regular election."

Counsel for the petitioners do not cite any specific act of the legislature or decision by the courts of this State which requires the Secretary of State to certify the names of candidates to the Governor, but insist that by implication the law requires the names to be thus certified, so that the Governor may send them to the various ordinaries, as provided in the Code, § 34-1401. The only duty which the above statutes require of the Secretary of State relative to the nomination of candidates for the various offices is to receive the nominations and file them.

The writ of mandamus is available to require a public officer to perform acts and duties imposed by law upon such officer (Code, § 64-101); but the writ will not lie to compel such an officer to do an act not clearly commanded by law. *Patterson* v. *Taylor,* 98 *Ga.* 646 (25 S. E. 771); *Douglas* v. *Board of Education of Johnson County,* 164 *Ga.* 271 (138 S. E. 226); *Sibley* v. *Park,* 175 *Ga.*

846 (2) (166 S. E. 212); *Wrightsville Consolidated School District* v. *Selig Company,* 195 *Ga.* 408 (24 S. E. 2d, 306).

While our law requires that the names of the candidates shall be filed with the Secretary of State, and also that the Governor shall furnish a form of ballot to the ordinaries, still no method is provided for any official notice to be given to the Governor by the Secretary of State. The Code is silent as to how the Governor is to acquire the names of candidates to be placed upon the ballot to be sent to the ordinaries. Had the petition of the plaintiffs in error included the allegation that, through a long-established, unbroken custom the Secretary of State had in the past certified to the Governor the names of candidates filed with him, it might be that such usages and practices by the Secretary of State could be relied upon as showing a duty of that official in lieu of any express provision in the law; but this question is not now for decision. The courts give some recognition to the practices of departments of state. See, in this connection: *Solomon* v. *Commissioners,* 41 *Ga.* 157; *Temple Baptist Church* v. *Georgia Terminal Co.,* 128 *Ga.* 669, 680 (58 S. E. 157); United States *v.* Midwest Oil Co., 236 U. S. 459 (35 Sup. Ct. 309, 59 L. ed. 673). But the petition, alleging merely that it is the duty of the Secretary of State to certify to the Governor the names of candidates, or that the duty arises by necessary implication, does not meet the requirements of a petition for mandamus. Consequently, the trial judge did not err in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*