ARMISTEAD *v.* MacNEILL, Treasurer.

No. 16025. DECEMBER 2, 1947.

*J. C. Murphy,* for plaintiff.
*Durwood T. Pye* and *W. S. Northcutt,* for defendant.

HEAD, Justice. In this case the plaintiff in error contends that he was employed as an agent by the Board of Tax Assessors of Fulton County to seek out unreturned property and bring it to the attention of the board, under the provisions of the Code, § 92-6910; and that he was to receive as compensation for his services ten percent of the county and school taxes collected on such unreturned property. The tax assessors have certified that the plaintiff is due certain moneys, and he contends that the language, "The commission allowed said agents shall be paid from the county treasury out of the amounts so placed on the books by the said agents and when collected by the county *as a part of the expense of said board*" (italics ours), in the Code section authorizing his employment, requires the defendant, as county treasurer, to pay him the amount so certified by the board of assessors.

Had the words, "as a part of the expense of said board," been omitted from § 92-6910, there might have been some doubt as to the legislative intent regarding the method of payment to such agents as might be employed. But since agents are to be paid as a part of the expense of the board, the plaintiff's case must stand or fall on provisions made for the payment of expenses. If payment of "expenses" can be required of the treasurer without any action by the county board of commissioners, then the plaintiff presents a proper case for mandamus. If expenses of the board cannot be paid without action on the part of the commissioners, then the plaintiff's case is without merit, since it is undisputed that no action has been taken by the commissioners on the plaintiff's claims for compensation.

Chapter 92-69 of the Code provides that there shall be, in each of the several counties of this State, a board of tax assessors, and for the appointment, commission, powers, and duties of such boards. Section 92-6903 requires the board of county commissioners, or a majority thereof, to appoint the board of tax assessors, and in those counties not having a board of commissioners, the appointment is to be made by the ordinary. Section 92-6908 of the Code provides in part as follows: "The compensation of the members of said board, and such other expenses as may be necessary to be incurred in the performance of the duties of the board, shall be paid from the county treasury *in the same manner as other payments by the county are made.*" (Italics ours.) Since it is provided by § 92-6910 that the commissions of agents employed by the board are to be paid "as a part of the expense of said board," and by § 92-6908, that expenses shall be paid "in the same manner as other payments by the county are made," we must look to the provisions of law directing how the obligations of Fulton County are to be paid.

In counties where a board of commissioners of roads and revenues is provided, it is invested with the same powers and duties as are imposed by law upon ordinaries when sitting for county purposes. *Williams* v. *Sumter County*, 151 *Ga.* 402 (107 S. E. 158). The Code, § 23-701, provides that ordinaries when sitting for county purposes shall have exclusive jurisdiction "in examining, settling, and allowing all claims against the county;" and § 23-1601 provides that, when claims against the county

are allowed, they must be registered and the claimant given an order on the treasurer, which order must designate the particular fund out of which payment is to be made. Under the act creating a Board of Commissioners of Roads and Revenues for Fulton County (Ga. L. 1880-1881, p. 508), and amendments thereto, all duties formerly imposed upon the ordinary pertaining to the examination, audit, allowance, and settlement of claims against the county are now vested in the board of commissioners.

The Code having provided that compensation of members of boards of tax assessors, and their secretary, as well as other expenses, "shall be paid from the county treasury in the same manner as other payments by the county are made," and that compensation of agents employed by such boards is to be paid "as a part of the expense of said board," it is clear that the board of commissioners of roads and revenues have not only the right, but the duty, to examine, audit, and approve such claims for compensation and expenses as may be proper and correct, including the claims of agents for commissions.

The cases of *Chatham County* v. *Gaudry*, 120 *Ga.* 121 (47 S. E. 634), and *Culberson* v. *Watkins*, 156 *Ga.* 185 (119 S. E. 319), and other authorities cited by counsel for the plaintiff in error, are not in point on their facts and do not conflict with the rulings here made.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*