PALMER *v.* CLAXTON.

No. 17088.  MAY 9, 1950.

*Emory L. Rowland,* for plaintiff in error.

*J. W. Claxton* and *E. L. Stephens,* contra.

ALMAND, Justice. ■ As to the manner in which the election for the office of clerk and treasurer was held, the answer of the respondent raised an issue of fact. The case having been submitted to the trial judge by agreement of the parties for a final determination upon all issues of fact as made by the pleadings, and he having found in favor of the relator, it is presumed that the court found as a matter of fact that, after the members of council had voted three to two in favor of the relator, and after the result of the election had been announced, the mayor cast a vote for the respondent, and then broke the tie by voting again for the respondent and declaring him to have been duly

elected. This issue of fact was thus resolved in favor of the plaintiff.

■ The sole remaining issue of law is: did the mayor have the right, after announcing that a majority of council had voted for the relator, to vote for the respondent and thereby create a tie vote, and again vote for the respondent to break the tie? Unlike the charters involved in the cases of *Gostin* v. *Brooks,* 89 *Ga.* 244 (15 S. E. 361), and *Johnson* v. *Arnold,* 176 *Ga.* 910 (169 S. E. 505), the charter of the Town of Kite is silent as to when the mayor can vote in the election of officers and the enactment of ordinances. We are of the opinion that the provision of the charter that the "clerk shall be elected by the mayor and council" has reference to the name and style of the corporate governing body. *Gostin* v. *Brooks,* supra; *Akerman* v. *Ford,* 116 *Ga.* 473 (3) (42 S. E. 777). Under the charter the office of mayor is separate and distinct from the office of councilman, whereby the mayor is elected to his office, and the five councilmen are elected to their offices, by the people. So, the mayor is not a member of the council, and where he presides over a meeting of council, he does so as mayor and not as a member of council.

Where the mayor is a member of council and presides over their deliberations, unless expressly forbidden by law it is generally held that he may vote on all questions as a member; and where the charter or a valid rule of council gives him a casting vote in the event of a tie, he may vote a second time. 2 McQuillin on Municipal Corporations (2d, ed.) 550-552, § 620; Whitney *v.* Common Council of the Village of Hudson 69 Mich. 189 (37 N. W. 184); Simpson *v.* Markham, 175 N. C. 135 (95 S. E. 106). Compare *Cummings* v. *Robinson,* 194 *Ga.* 336 (21 S. E. 2d, 627). But where he is merely an executive or presiding officer and not a member of council, his vote cannot be counted in determining whether or not there is a majority vote, "nor can he vote so as to make a tie and then give the casting vote. . . Thus, for example, in the election of officers the casting vote may be given only where there is an equal division of votes between the candidates." 2 McQuillin on Municipal Corporations (2d, ed.) 551-552. See also *Johnson* v. *Arnold,* 176 *Ga.* 910 (supra); Brown *v.* Foster, 88 Me. 49 (33 Atl. 662);

Nelson *v.* Mott, 111 Wis. 19 (86 N. W. 569) ; McClain *v.* Church, 76 Utah 170 (289 Pac. 88) ; Bousquet *v.* Gleason, 78 Miss. 478 (29 So. 399).

Under the facts as found by the trial judge, the relator received a majority of the votes cast by the members of council, and the votes of the mayor, in making a tie and then breaking the tie in voting for the respondent, were without legal effect. When three members voted for the relator and two voted for the respondent, and the mayor announced the result, the election was final, and the relator, upon qualifying, was entitled to the office. Scofield *v.* Starr, 78 Conn. 636 (63 Atl. 512). See also *Brewer* v. *Johnson,* 184 *Ga.* 806 (193 S. E. 778).

The ordinance relied on by the respondent, which provides that the mayor shall "vote in all elections for officers; and give the deciding vote upon all questions in case of a tie," is ineffective in so far as it attempts to give the mayor a vote in the election of a clerk and treasurer where a majority of council have cast their votes for one person, for the reason that under the charter the mayor is not a member of council, and in such election he has only such rights as inhere in his position as presiding officer.

There was no error in the judgment of the trial court ousting the respondent from the office of clerk and treasurer of the Town of Kite and declaring that the relator had been duly elected to such office.

*Judgment affirmed. All the Justices concur, except Duckworth, C.J., who dissents.*