19914. HARTSFIELD, Mayor, *et al. v.* SALEM.

DUCKWORTH, Chief Justice. 1. Where the duty of public officers to perform specific acts is clear and well defined and is imposed by law, and when no element of discretion is involved in performance thereof, the writ of mandamus will issue to compel their performance. Code § 64-101; *Hart* v. *Head,* 186 *Ga.* 823 (199 S. E. 125); *Wrightsville Consolidated School District* v. *Selig Co.,* 195 *Ga.* 408 (24 S. E. 2d 306); *Harmon* v. *James,* 200 *Ga.* 742 (38 S. E. 2d 401); *Rogers* v. *Carr,* 203 *Ga.* 594 (47 S. E. 2d 813); *Murphy* v. *Withers,* 204 *Ga.* 60 (48 S. E. 2d 721). But mere authorization to act is insufficient unless the law requires performance of the duty. *Tucker* v. *Wilson,* 198 *Ga.* 474 (31 S. E. 2d 657); *Armistead* v. *MacNeill,* 203 *Ga.* 204 (45 S. E. 2d 652); *Richardson* v. *Awtry & Lowndes Co.,* 204 *Ga.* 77 (49 S. E. 2d 24).

2. No duty of the governing body of the City of Atlanta to cancel the permit issued to sell alcoholic liquors is shown in this case, irrespective of whether or not the operation of the liquor business was in violation—as contended by the petitioner—of Code (Ann.) § 58-1029 (Ga. L. 1937-38, Ex. Sess., pp. 103, 111). While the petition alleges that the charter of the city authorizes the governing body to revoke liquor license permits issued in the corporate limits, an examination of the charter provision shows that under the police power "in their discretion" they are authorized to revoke same "whenever they deem it to the general welfare of the city to take such action." Ga. L. 1937-38, Ex. Sess., p. 929. Thus since it is discretionary whether said license be revoked and the defendants are not compelled by law to revoke said license but are authorized to do so when they deem it necessary to the general welfare of the city, they can not be compelled by mandamus to do so. *Hart* v. *Head,* 186 *Ga.* 823, supra; *Thomas* v. *Ragsdale,* 188 *Ga.* 238 (3 S. E. 2d 567); Compare *Ward* v. *Drennon,* 201 *Ga.* 605 (2a) (40 S. E. 2d 549); *Murphy* v. *Withers,* 204 *Ga.* 60, supra. The petition seeks to compel the cancellation of the license rather than to require the city officials to perform a discretionary duty, and it was subject to demurrer. Thus the court erred in overruling the general demurrer and in granting the mandamus absolute.

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 13, 1957—DECIDED JANUARY 10, 1958.

*J. C. Savage, J. M. B. Bloodworth, Henry L. Bowden, Newell Edenfield, Robert S. Wiggins, Ferrin Y. Matthews, Martin McFarland,* for plaintiffs in error.

*Joe Salem,* contra.