## 20772. SMITH *et al.*, Commissioners *v.* BRANCH.

Hawkins, Justice. The petition in this case seeks by mandamus to compel Joe Smith, Russell Smiley, and Leroy Coffer, members of the Board of Commissioners of Roads and Revenues of Liberty County, to pay the plaintiff, DeWitt A. Branch, $300 per month, for services rendered between May 1, 1959, and June 30, 1959, as a duly appointed and qualified deputy sheriff. The plaintiff alleges that he is entitled to $300 per month, or a total of $600, under the provisions of section 4 of the act (Ga. L. 1959, p. 2063), which reads in part as follows: "The sheriff and the county commissioners of Liberty County shall determine the number of full-time deputies and the number of part-time deputies which are necessary for the efficient operation of the office of Sheriff of Liberty County. Full-time deputies shall be compensated in the amount of $300.00 per month, to be paid from the funds of Liberty County. Part-time deputies shall be compensated in the amount of $75.00 per month, to be paid from funds of Liberty County." The petition as amended was demurred to on the ground that it failed to state a cause of action, because it is not alleged that the conditions set forth in section 4 of the act (Ga. L. 1959, p. 2063), as to the fixing of the plaintiff's compensation, have been complied with, and consequently there is no allegation that the plaintiff is entitled to any compensation under the act. There were other grounds of demurrer to the petition as amended. All of these demurrers, both general and special, were overruled by the trial judge, who then proceeded to rule on the demurrers filed by the plaintiff to the defendants' answer, one of which he sustained. The exceptions are to these judgments. *Held:*

1. "When the affairs of a county are administered by a board of commissioners, their powers are prescribed in the act creating such board, and such boards have no powers except such as are conferred by statute. *Town of Decatur* v. *DeKalb County*, 130 *Ga.* 483, 487 (61 S. E. 23)." *Wood* v. *Puritan Chemical Co.*, 178 *Ga.* 229 (2) (172 S. E. 557).

2. "In a suit for mandamus, the duty which the complainant seeks to have enforced must be a duty arising by law, either expressly or by necessary implication; and the law must not only authorize the act to be done, but must require its per-

formance." *Sibley* v. *Park,* 175 *Ga.* 846 (2) (166 S. E. 212).
See also *Adkins* v. *Bennett,* 138 *Ga.* 118 (1) (74 S. E. 838);
*Johnson* v. *Arnold,* 176 *Ga.* 910, 912 (169 S. E. 505); *Wood* v.
*Puritan Chemical Co.,* 178 *Ga.* 229, 230 (6), supra; *Williamson* v. *Wilson,* 189 *Ga.* 652 (7 S. E. 2d 241); *Carr* v. *Sparks,*
213 *Ga.* 606, 609 (100 S. E. 2d 583); *McCallum* v. *Almand,*
213 *Ga.* 701, 705 (100 S. E. 2d 924).

3. While the petition in this case attacks the validity of that
portion of section 4 of the act of 1959 (Ga. L. 1959, p. 2063)
which provides that "The sheriff and the county commissioners of Liberty County shall determine the number of full-time
deputies and the number of part-time deputies which are necessary for the efficient operation of the office of Sheriff of Liberty County," as being a special law in conflict with the
existing general law as contained in Code § 24-2811, which
provides that "Sheriffs are authorized in their discretion to
appoint one or more deputies, from whom they must take a
bond with sureties," and therefore violative of art. 1, sec. 4,
par. 1 of the Constitution of Georgia (Code § 2-401), which
provides that "no special law shall be enacted in any case for
which provision has been made by an existing general law,"
no attack is made, but the plaintiff relies upon and seeks to
recover under, that portion of this section of the act which
fixes the compensation of full-time deputy sheriffs at $300 per
month; but the plaintiff fails to allege that he is one of the
full-time deputies determined by the sheriff and county commissioners to be entitled to compensation in the amount of
$300 per month to be paid from the funds of Liberty County.
Thus, the plaintiff having failed to show that he is entitled to
the compensation sought to be recovered under the provisions
of the act relied upon by him, the petition failed to state a
cause of action, and it becomes unnecessary to pass upon the
validity of that portion of the act attacked. "A public officer
cannot be required to pay out public moneys until those who
demand its payment show a clear provision of law which entitles them to receive it." *Armistead* v. *MacNeill,* 203 *Ga.* 204
(45 S. E. 2d 652). See also *Winn* v. *Adams,* 185 *Ga.* 173,
175 (1) (194 S. E .185); *Barnett* v. *Boling,* 214 *Ga.* 401 (105
S. E. 2d 312).

4. The trial judge erred in overruling the general demurrer to
the petition, and all further proceedings were nugatory.

*Judgment reversed. All the Justices concur.*

Submitted January 12, 1960—Decided February 11, 1960—
Rehearing denied March 14, 1960.

*John Underwood, A. L. Cowart, J. T. Grice,* for plaintiffs in error.

*Paul E. Caswell, Charles M. Jones, W. C. Hodges,* contra.