25204.   ALIOTTA et al. v. GILREATH et al.

DUCKWORTH, Chief Justice.   Whether or not the charter of the Town of Thunderbolt authorizes the Mayor to cast a vote in an election to fill a vacancy in the office of "Mayor, Alderman or Clerk of Council," the same does not authorize him to vote in the election and then cast an additional vote to "break the tie" so as to give him two votes; and since no election resulted as such vacancy for alderman must be filled by "a majority vote," and the defendant Galibert did not receive a majority of the votes cast (3-3 with the Mayor voting), the injunction, under the law and the undisputed facts presented, to restrain and enjoin the defendants as prayed, should have been granted. *Cummings v. Robinson,* 194 Ga. 336 (21 SE2d 627) ; *Palmer v. Claxton,* 206 Ga. 860 (59 SE2d 379).   The case is similar to the *Cummings* case which holds that injunction is the proper remedy.   Hence the court erred in denying the injunction and in dismissing the restraining order.

*Judgment reversed.   All the Justices concur.*

ARGUED MAY 13, 1969—DECIDED MAY 22, 1969—
REHEARING DENIED JUNE 9, 1969.

*Aaron Kravitch,* for appellants.

*Frank O. Downing,* for appellees.