S98A0823. SMITH et al. v. PULASKI COUNTY et al.
(501 SE2d 213)

HUNSTEIN, Justice.

In February 1997, appellant Kathleen Lamkin Jackson Smith and other members of her family filed a petition for mandamus against Pulaski County and its sole commissioner, John Anderson, claiming that the County had an affirmative obligation under the Georgia Abandoned Cemeteries Act, OCGA § 36-72-1 et seq., to preserve, protect, and prevent the desecration of the Lamkin family cemetery located in Pulaski County. Appellants also asserted claims of negligence and negligence per se against Alvin Mathis, the owner of the property on which the family cemetery is located, based on his alleged violation of the Act. The trial court denied appellants' request for mandamus and granted the County's motion to dismiss based on its finding that the Act is discretionary as to counties in Georgia, and Pulaski County, in its discretion, had not implemented any procedure or mechanism for enforcement of the Act. The trial court subsequently granted Anderson's motion to dismiss on the same grounds and granted summary judgment to Mathis because Mathis could not be found to have violated the discretionary Act which had not been implemented by Pulaski County. Appellants challenge all of these orders on appeal. The decision whether to protect or preserve an abandoned cemetery or burial ground being made discretionary by statute, we affirm.

1. OCGA § 36-72-3 provides in pertinent part:

> Counties . . . are authorized . . . to preserve and protect any abandoned cemetery or any burial ground which the county . . . determines has been abandoned or is not being

maintained by the person who is legally responsible for its upkeep.

In view of the clearly permissive language of the statute, we agree with the trial court that OCGA § 36-72-3 authorizes but does not compel a county to preserve and protect abandoned cemeteries. There being no mandatory duty on the part of Pulaski County to take any affirmative action to protect the Lamkin family cemetery, the petition for writ of mandamus filed against the County and Anderson, in his capacity as commissioner, was properly dismissed. See *Hartsfield v. Salem*, 213 Ga. 760 (101 SE2d 701) (1958) (where duty of public officer involves an element of discretion, mandamus will not lie). For the same reasons, we affirm the grant of summary judgment in favor of Mathis, as he clearly cannot be charged with any violation of an unimplemented, discretionary statute.

2. Because we find that implementation of the Act is discretionary and thus imposed no affirmative obligation on Pulaski County to protect the Lamkin cemetery or upon Mathis to apply for a permit under the Act, see OCGA § 36-72-4, we need not address appellants' remaining enumerations of error concerning collateral estoppel and the Act's application to suspected burial grounds.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 8, 1998 —
RECONSIDERATION DENIED JULY 31, 1998.

*Ronald J. Doeve,* for appellants.
*Hall & Hall, Clayton A. Hall, Groover & Childs, Denmark Groover, Jr.,* for appellees.