McMlLLIAN, Judge,
concurring specially.
Although I agree with the majority that the trial court properly denied appellants’ joint motion for summary judgment, I do not agree with all that is said in the majority opinion and write separately to set out the complete statutory framework applicable to the issues raised in this appeal.[13]
1. As more fully set out in the majority opinion, Christopher Mills filed a complaint for declaratory judgment after the City of Sandy Springs (“City”) declined to issue him a permit to allow him to build a single-family home on a portion of a one-acre parcel of land that formerly had been deeded for the purpose of a family burial ground. This action is governed by a statutory scheme enacted in 1991, in which the legislature expanded the provisions governing the use and development of burial grounds and cemeteries, including providing for criminal penalties for violations. See OCGA §§ 36-72-1 to 36-72-16; Ga. L. 1991, p. 924, § 3 (hereinafter the “Act”).[14] In so doing, the legislature declared
... that human remains and burial objects are not property to be owned by the person, or entity which owns the land or water where the human remains and burial objects are interred or discovered, but human remains and burial objects are a part of the finite, irreplaceable, and nonrenewable cultural heritage of the people of Georgia which should be protected.
OCGA § 36-72-1 (a).
With respect to this case, OCGA § 36-72-4 requires an owner of property that contains a burial ground to obtain a permit before developing the property or any portion thereof as follows:
No known cemetery, burial ground, human remains, or burial object shall be knowingly disturbed by the owner or *716 occupier of the land on which the cemetery or burial ground is located for the purposes of developing or changing the use of any part of such land unless a permit is first obtained from the governing authority of the municipal corporation or county wherein the cemetery or burial ground is located[.]
(Emphasis supplied.) Id. Thus, an initial question is whether the one-acre parcel is a “burial ground” for which a permit is required. Mills contends that the portion of the property where he intends to build a home is not, whereas the City asserts that the entire parcel is a burial ground.
The term “burial ground” is defined in the Act as
... an area dedicated to and used for interment of human remains. The term shall include privately owned burial plots, individually and collectively, once human remains have been buried therein. The fact that the area was used for burial purposes shall be evidence that it was set aside for burial purposes.[15]
OCGA § 36-72-2 (3). Accordingly, two things are required for an area of land to be considered a burial ground — that the area has been dedicated for the interment of human remains and that the area has been used for the interment of human remains.
The facts of this case show without dispute that the approximately one-acre tract at issue was dedicated, by deed, for use as a family burial ground. With respect to the use of the property, it is undisputed that a not insignificant number of interments have occurred on part of the acre parcel, grave markers have been put in place, and members of the local community consider the property to be the Heard family’s burial ground. Thus, the record shows without dispute that the acre parcel was both dedicated and used for the purpose of interment of human remains. Further, there is no evidence, so far as the record shows, that the land had been used for anything other than its dedicated purpose. Accordingly, the acre parcel was clearly a “burial ground” as that term is defined in the statute.[16]
*717 Decided March 30, 2015.
It is only after a determination that the land in question is a burial ground that the issue of abandonment is reached. And I agree with the majority that the issue of abandonment must be decided by a jury taking into account the nonexhaustive list of factors contained in OCGA § 36-72-2 (1). However, I would further note that even if a jury finds that the burial ground has been abandoned, it does not follow that Mills’ ability to build on the property is unfettered. First, the permitting statute appears to apply to the development of all burial grounds and cemeteries, whether abandoned or not. See OCGA § 36-72-4. And pursuant to OCGA § 36-72-3, the City has within its discretion to preserve and protect any abandoned burial ground or cemetery and to exercise its power of eminent domain to acquire any interest in land necessary for that purpose. See OCGA § 36-72-3; Smith v. Pulaski County, 269 Ga. 688 (501 SE2d 213) (1998) (county has discretion to protect or preserve abandoned cemetery or burial ground).
Additionally, because the trial court and the majority rely on the presence of remnants of a “dividing” fence in their analysis, I would also point out that it is by no means clear to me from my de novo review of the record that a fence in fact divided the parcel into a burial area and a nonburial area. The copy of the survey contained in the record is somewhat difficult to read, but the only notations denoting “fence posts” appear to be near the northern corner of the cemetery and along the southern boundary of the acre lot. However, the archeologist does state in his affidavit that he inspected the ground “beyond the fence and into the undeveloped portion of the property [,]” and the trial court and the parties appear to accept a fence in this location, so it may very well be that the markings are just not discernible on the copy of the survey contained in the record. But we need not belabor the lack of clarity here, which will obviously be fleshed out by the parties when this case is presented to the jury.
2. As to Division 2,1 write only to make plain that the trial court’s order does not clearly foreclose consideration of these issues, the outcome of which may, in any event, be somewhat dependent on the determinations made by the jury on the other issues at trial. Accordingly, I do not believe that the failure to secure a ruling on these issues forecloses their review at some later juncture.
*718 Wendell K. Willard, Constangy, Brooks & Smith, W. Wright Mitchell, for appellants.
Busch White Norton, Christopher M. Porterfield, Samantha L. Gunnison, for appellee.

 Accordingly, this case lacks precedential value. See Court of Appeals Rule 33 (a).

 Prior to 1991, more limited provisions were in place relating to disturbing burial grounds for land development. See Ga. L. 1991, p. 924, §§ 1, 2.

 Similarly, OCGA § 36-72-2 (5) defines a cemetery as “any land or structure in this state dedicated to and used for interment of human remains. It may be either a burial park for earth interments or a mausoleum for vault or crypt interments or a combination of one or more thereof.”

 I would reject Mills’ assertion that only the land where human remains have been interred has been “used” for purposes of defining the burial ground. Under the plain language *717 of OCGA § 36-72-2 (3) a burial ground is to “include” privately owned burial plots, suggesting that the term “burial ground” also includes other portions of the property used for its dedicated purpose.